IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

THOMAS C. McINTOSH and
PAMELA McINTOSH                                    PLAINTIFFS

vs.        CIVIL ACTION NO. 1:06-cv-1080 LTS RHW
           FROM THE UNITED STATES DISTRICT COURT,
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
           SOUTHERN DIVISION

           RULE 45 SUBPOENA IN A CIVIL CASE
           MISCELLANEOUS NO. 5:07-mc-44

STATE FARM FIRE &
CASUALTY COMPANY, ET AL.                           DEFENDANTS

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
AND FOR AN ORDER OF CONTEMPT UNDER RULE 45(e)**

COME NOW, Plaintiffs, Thomas C. McIntosh and Pamela McIntosh, Movants herein, and file this their *Motion to Compel Compliance with Subpoena and for an Order of Contempt Under Rule 45(e)*, and for cause would show as follows to wit:

1.   Rule 45, Federal Rules of Civil Procedure, provides in pertinent part that a subpoena shall "command each person to whom it is directed . . . to produce and permit inspection, copying, testing or sampling of . . . *electronically stored information* . . . in the possession, custody or control of that person . . . ". [Fed. R. Civ. P., Rule 45(a)(1)(C)]. [Italics added].

2.   Pursuant to subparagraph (a)(2)(C) of Rule 45, Fed. R. Civ. P., a subpoena for production, inspection, copying, testing, or sampling must issue "from the court for the district where the production or inspection is to be made." [Fed. R. Civ. P., Rule 45(a)(2)(C)].

**3.** On August 13, 2007, Movants issued a subpoena (the "subject subpoena") from the United States District Court for the Eastern District of North Carolina, for the production, inspection and copying of electronic information physically located in Raleigh, North Carolina, a locale within the district of this Honorable Court. (Exhibit "A").

**4.** On the issuance date of the subject subpoena (August 13, 2007), notice of intent to issue was served by ECF filing in the underlying *McIntosh* case. (*McIntosh vs. State Farm et al*, Civil Action No. 1:06-cv-1080 LTS RHW, United States District Court, Southern District of Mississippi, Southern Division).

**5.** On August 13, 2007, such notice of intent was served upon attorneys Kathryn Platt and Larry Canada (herein, "attorneys Platt and Canada"), legal counsel for Robert K. Kochan who was the person named in the subject subpoena, and who operates a business located at 3401 Atlantic Avenue, Suite 101, Raleigh, North Carolina 27604.

**6.** The subject subpoena specifically requested the production, inspection, copying, testing or sampling of electronically stored information maintained on computers physically located at Mr. Kochan's office at 3401 Atlantic Avenue, Suite 101, Raleigh, North Carolina 27604. (Exhibit "A").

**7.** On August 21, 2007, the subpoena was personally served on Robert K. Kochan, a non-party in the underlying *McIntosh* case. (Exhibit "A").

**8.** Mr. Kochan has personal possession, custody and control of the computers.

**9.** Since at least April or May 2006, Robert K. Kochan and/or his putative, wholly-owned sub-S corporation, Forensic Analysis & Engineering Corporation (herein, "Forensic"), have been target figures in federal and state criminal grand jury investigations involving Hurricane Katrina insurance fraud in Mississippi. Subpoenas related to such

criminal investigations, as well as preservation letters relating to documents, things and electronically stored information within the targets' possession, custody or control, have also been served upon Mr. Kochan and/or Forensic.

10. Additionally, Mr. Kochan and/or Forensic are named as defendants and/or material witnesses in multiple civil actions pending in federal district court in southern Mississippi, including one action alleging federal racketeering and asserting *inter alia* civil RICO actions on behalf of twenty-one (21) homeowners affected by a fraudulent hurricane damage inspection scheme involving State Farm insurance company and Mr. Kochan and/or his putative sub-S company, Forensic. (*Glenda Shows et al vs. State Farm Mutual Automobile Insurance Company et al,* Civil Action No. 1:07-cv-00709 LTS RHW, United States District Court, Southern District of Mississippi, Southern Division).

11. On August 30, 2007, counsel for Plaintiffs, Mary McAlister, and a forensic computer consultant, traveled from Mississippi and New Mexico, respectively, to Raleigh, North Carolina, for the purpose of inspecting and copying the electronically stored information maintained on computers in Robert K. Kochan's personal possession, custody and control, and located in Raleigh, North Carolina.

12. Upon their arrival on August 31, 2007, at the aforesaid Atlantic Avenue address, Robert K. Kochan refused to allow access to the electronic information as commanded in the subject subpoena, and erroneously informed Plaintiffs' counsel Ms. McAlister that the subject subpoena had been "squelched" [sic] by his attorney(s).

13. After being denied access to the subpoenaed electronic information on the morning of Friday, August 31, 2007, Ms. McAlister learned for the first time that attorneys Platt and Canada, who had been given notice of the subpoena sixteen (16) days previous,

3

had filed a written objection fourteen (14) hours before the time for production called for in the subpoena.[1] (Exhibit "B"). Such objection claims that Mr. Kochan does not have possession, custody or control of the computers. Attorneys Platt and Canada had actual notice of the subpoena for sixteen (16) days without making any objection, and then made an ECF filing after the close of business on Thursday, a mere fourteen (14) hours before the production was to take place.

14. Apparently timing the filing of the objection to inflict the maximum expense, costs and inconvenience to Plaintiffs, attorneys Platt and/or Canada purportedly advised Mr. Kochan to inform Ms. McAlister when she arrived in Raleigh that he would not obey the subpoena. In the written objection, and apparent verbal instruction to Mr. Kochan not to obey the subpoena, attorneys Platt and/or Canada claimed without meritorious grounds or "adequate excuse" as required by Rule 45, that Mr. Kochan could refuse to obey the subpoena and stand on the claim that he did not have possession, custody or control of the electronic information.

15. At all times material to the subject subpoena, Robert K. Kochan had and continues to have personal possession, custody and control of the computers from which the electronic information is sought.

16. Upon learning of the refusal to obey, co-counsel for Movants, Derek Wyatt, then present in Mississippi, transmitted a letter to attorneys Platt and Canada making a

---

[1] The objection was "served" by the filing of a written objection via ECF in the underlying *McIntosh* case. Apparently by design, such filing was made after business hours (6:47 PM CST). ECF filings are of course transmitted by email to attorneys of record, and unless the attorney is instantly monitoring their email, the chance exists that the ECF filing may not be immediately detected or reviewed. In this instance, it was obvious to a reader of the subpoena, calling for down loading computer information in Raleigh, NC at 9:00 AM Friday morning, that Movants' attorney and/or their computer consultant would have to start traveling at least one day in advance of inspecting, copying and down loading the electronic information.

4

good faith request that they comply with the subject subpoena, and counsel their client, Mr. Kochan to likewise comply. Such letter was transmitted immediately and as a good faith attempt to mitigate the lost time, expense and travel costs caused by Mr. Kochan's refusal to obey the subject subpoena. At the time the letter was transmitted, Ms. McAlister and Movants' computer consultant were still in North Carolina, and trying to make return travel arrangements. (Exhibit "C").

17. Attorneys Platt and Canada never responded to the good faith request in Mr. Wyatt's letter attached as Exhibit "C."

18. Neither Mr. Kochan nor his counsel, attorneys Platt and Canada had meritorious grounds or adequate excuse for Mr. Kochan's refusal to comply with the subpoena or to disobey the order of this Court to produce the computers. The essence of counsels' objection is the hyper-technical suggestion that somehow Forensic has possession, custody or control of the subject computers, but Mr. Kochan does not. At a minimum, this strains reason and, viewed differently, is outright distortion.

19. Attorney Larry Canada was present and witnessed the deposition testimony of Mr. Kochan on November 30, 2006, wherein Mr. Kochan admitted that he is the sole owner of Forensic, a putative sub-S corporation, and that no Forensic stock has ever been issued and delivered. The following excerpt from Mr. Kochan's deposition is instructive:

Q. Let me understand that. Forensic's an S Corp.?

A. Yes.

Q. And has always been?

A. Yes.

Q. You are Forensic?

A. I own it, yes.

. . .

Q. Okay. You're the owner of Forensic?

A. Yes.

Q. Sum total?

A. Yes.

*Videotaped Deposition of Robert Kimberley Kochan*, taken by Plaintiffs, Raleigh, North Carolina, Thursday, November 30, 2006, pps. 27 – 28.

**20.** Sworn Affidavits documenting the time, expense and travel costs incurred by Ms. McAlister and the computer consultant (Jon Hill) are attached and incorporated by reference as Exhibits "D" and "E," respectively.

**21.** As Robert K. Kochan, with his co-counsels' complicity, have failed to obey the subject subpoena without "adequate excuse," as set forth in Rule 45(e), the Court should deem them in contempt and enter an order awarding the following relief:

(1) that the computers be produced for inspection and copying of the electronic information per the subject subpoena within 48 hours of the Order of this Court;

(2) that the parties deemed to be in contempt be ordered to tender and pay in US currency or its equivalent, by express mail transmittal to the undersigned counsel within 48 hours of the Order, the entire costs and expenses set forth on the attached Affidavits of Mary E. McAlister and Jon Hill, marked as Exhibits "D" and "E," respectively;

6

(3) that the parties deemed to be in contempt be enjoined from further interfering with the inspection and copying of the electronic information sought from the subject computers;

(4) that the parties deemed to be in contempt be ordered to pay the travel and room and board for one of Plaintiffs' counsel and for a computer consultant to again return to Raleigh, North Carolina, for the purpose of conducting the inspection and copying of the computers as sought in the subject subpoena; and,

(5) for all such other relief as the Court deems appropriate in the premises, and given the circumstances of the pending matter.

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that the Court expedite the hearing of this motion as an urgent and necessitous matter under Local Rule 26.1(d) and enter an Order in accordance with the above sought relief and for any such additional relief as the Court deems necessary or appropriate in the premises.

This the 6th day of September, 2007.

**THOMAS C. AND PAMELA MCINTOSH**

By: _____
MARY E. McALISTER, MSB NO. 2170
Attorney for Plaintiffs in *McIntosh vs. State Farm Fire & Casualty Company et al,*
Civil Action No. 1:06-cv-1080 LTS RHW
United States District Court
Southern District of Mississippi
Southern Division

By: _____
DEREK A. WYATT, MSB NO. 7413
Attorney for Plaintiffs in *McIntosh vs. State Farm Fire & Casualty Company et al,*

7

Civil Action No. 1:06-cv-1080 LTS RHW
United States District Court
Southern District of Mississippi
Southern Division

**OF COUNSEL:**
Don Barrett
Marshall H. Smith, Jr.
BARRETT LAW OFFICE, P.A.
P. O. Drawer 987
404 Court Square North
Lexington, Mississippi 39095
Telephone No.: 662/834-2376
Telecopier No.: 662/834-2409

Richard F. Scruggs
David Zachary Scruggs
Sidney A. Backstrom
THE SCRUGGS LAW FIRM
P.O. Box 1136
Oxford, Mississippi 38655
(662) 281-1212

Mary E. McAlister
Derek A. Wyatt
David McCarty
NUTT & McALISTER, PLLC
605 Crescent Boulevard, Suite 200
Ridgeland, Mississippi 39157
(601) 898-7302

Dewitt M. Lovelace
LOVELACE LAW FIRM
36474 Emerald Coast Parkway, Suite 4202
Destin, Florida 32541
(850) 837-6020

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have this day caused to be delivered, a true and correct copy of the above and forgoing document to the persons identified below via United States Mail, first class, postage pre-paid:

COUNSEL FOR FORENSIC ANALYSIS & ENGINEERING CORP. and ROBERT K. KOCHAN:

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
One Shell Square
701 Poydraw Street, Suite 4040
New Orleans, Louisiana 70139

COUNSEL FOR E.A. RENFROE COMPANY:

David Aaron Norris
LAW FIRM OF MCGLINCHEY STAFFORD
Post Office Drawer 22949
Jackson, Mississippi 39425

COUNSEL FOR STATE FARM FIRE & CASUALTY COMPANY:

H. Benjamin Mullen
BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC
Post Office Drawer 1529
1103 Jackson Avenue
Pascagoula, Mississippi 39568

This the 6th day of September, 2007.

MARY E. MCALISTER (MSB No. 2170)
DEREK A. WYATT (MSB No. 7413)