IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-MC-44-BR

| | |
|---|---|
| THOMAS C. MCINTOSH and PAMELA MCINTOSH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **MEMORANDUM AND** ) **RECOMMENDATION, AND** ) **DECISION AND ORDER** |
| ROBERT K. KOCHAN, | ) ) |
| Respondent. | ) |

This matter is before the court on the motion by plaintiffs Thomas McIntosh and Pamela McIntosh's (collectively "plaintiffs") to compel compliance with a subpoena duces tecum and for an order of contempt under Fed. R. Civ. P. 45 (DE #1), and plaintiffs' motion for leave to file reply papers (DE #12). Respondent Robert K. Kochan opposes the motion to compel and has submitted papers in opposition. (DE #5). A hearing was held yesterday, 6 November 2007. At the hearing, the court allowed the motion for leave to file reply papers and reserved decision on the remaining issues. For the reasons set forth below, the motion to compel will be granted and it is recommended that the motion for an order of contempt be denied.[1]

## BACKGROUND

This matter arises out of a subpoena issued in connection with a case pending in the Southern District of Mississippi. Plaintiffs in that case have sued Forensic Analysis & Engineering Corp. ("FAEC") and others for alleged fraud related to investigation of plaintiffs' insurance claims for

---

[1] Because the citation for contempt sought by plaintiffs exceeds the contempt authority of a magistrate judge, this court is issuing a memorandum and recommendation, rather than a decision and order, on this issue pursuant to 28 U.S.C. § 636(e)(6)(B)(iii).

damages caused by Hurricane Katrina. On 13 August 2007, plaintiffs issued the subpoena duces tecum at issue in this matter to nonparty Robert K. Kochan, a Virginia resident and the president of FAEC, directing him to produce for inspection and copying the following information:

> 1. As related or pertaining to Hurricane Katrina, to produce and permit inspection and copying through drive imaging, all electronically stored information created, stored or maintained on or after August 29, 2005, on any laptop computer ever utilized by Adam Sammis in the state of Mississippi at any time on or after August 29, 2005. This request applies but is not limited to the laptop computer(s) utilized by Adam Sammis while working in the mobile R/V office Forensic Analysis & Engineering deployed to the Mississippi Gulf Coast before, on or after September 26, 2005; and
> 2. As related or pertaining to Hurricane Katrina, to produce and permit inspection and copying through drive imaging, all electronically stored information created, stored or maintained on or after August 29, 2005, on any desktop or laptop computer utilized remotely or otherwise by Nellie Williams on or after August 29, 2005, and located in Forensic Analysis & Engineering's Raleigh, North Carolina office(s). This request applies but is not limited to the desktop or laptop computer(s) located in Forensic Analysis & Engineering's Raleigh, North Carolina office(s) and assigned to and/or accessed by Nellie Williams while utilizing GoToMyPC or other similar program(s), from computer stations located at Nellie Williams' residence in Reno, Nevada.

(DE #1, Exhibit A). The subpoena was personally served on Kochan on 21 August 2007 and directed that production be made on 31 August 2007 at 9:00 a.m. at FAEC's office in Raleigh. On 13 August, plaintiffs also electronically filed a notice of intent to issue the subpoena upon Kochan in the underlying Mississippi case. (DE #1, ¶¶ 4, 5).

At 6:47 p.m. on 30 August, the day before the requested production was to be made, Kochan's attorneys electronically filed written objections to the subpoena on behalf of Kochan in the Mississippi case. No other notice of the objections was provided to plaintiffs' counsel. On the morning of 31 August, plaintiffs' counsel and a forensic computer consultant arrived at FAEC's office for inspection and copying after having traveled the previous day from Mississippi and New

2

Mexico, respectively. (DE #1, ¶11). Kochan refused to allow plaintiffs' counsel access to the requested information and advised plaintiffs' counsel that his attorneys had filed objections to the subpoena. (DE #1, ¶12).

Plaintiffs now move for an order compelling compliance with the subpoena and holding Kochan and both of his lawyers in contempt pursuant to Fed. R. Civ. P. 45. Plaintiffs seek costs and expenses associated with the travel to Raleigh for the production sought, and for any future trip to Raleigh for production of the sought information.

## DISCUSSION

**Rule 45.** Fed. R. Civ. P. 45 controls the issuance of subpoenas. It provides in pertinent part:

(a) Form; Issuance.
(1) Every subpoena shall . . .
>   (C) command each person to whom it is directed . . . to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person . . . .

(c) Protection of Persons Subject to Subpoenas.
. . .
(2) . . .
>   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party

3

> or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
> . . .
> (e) Contempt. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.

Fed. R. Civ. P. 45.

**Motion for Order of Contempt.** Plaintiffs argue that Kochan and his attorneys should be held in contempt on the grounds that they failed to timely respond to the subpoena and to provide adequate excuse for their failure to obey the subpoena. Each argument is addressed separately.

**1. Timeliness of Objections.** Under Rule 45(c)(2)(B), written objections to a subpoena shall be served upon the party or attorney designated in the subpoena within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service. Here, the subpoena was served upon Kochan 10 days before production was due and thus any objections were to be filed "before the time specified for compliance." While Kochan's attorneys' filing of objections after the close of business the day before the time specified for compliance may have technically adhered to the letter of Rule 45, it is difficult to conclude that such conduct was intended to be condoned by the spirit of the Rule. That said, however, the court must also question the reasonableness of plaintiffs' counsel's decision to travel from Mississippi to North Carolina and have their expert travel here from New Mexico without any advance confirmation that the discovery was going to be allowed in what appears to a rather contentious case. Accordingly, despite the court's displeasure with the lack of at least a courtesy phone call to opposing counsel, the court does not believe that the conduct of Kochan or his attorneys amounts to a violation of Rule 45. Kochan's objections to the subpoena should therefore be deemed timely. *See Arkema Inc. v.*

*Asarco, Inc.*, No. C05-5087, 2006 WL 1789044, at *3 (W.D. Wash. 27 June 2006) (court did not find party in contempt where objection was made at time of deposition).

**2. Adequate Excuse.** Rule 45(e) provides that "[f]ailure of any person *without adequate excuse* to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e) (emphasis added). "Adequate excuse" is not defined in Rule 45. *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001). However, "the prevailing view is that a timely objection to a subpoena duces tecum is itself an 'adequate excuse,' precluding a finding of contempt for failure to obey the subpoena." *Bariteau v. Krane*, 206 F.R.D. 129, 131-32 (W.D. Ky. 2001) (citations omitted) (although objections to subpoena were overruled, court found objecting party was not in contempt). Other courts have held that before sanctions can be imposed on a nonparty there must be a violation of a court order in addition to noncompliance with a subpoena. *Bender v. DelValle*, No. 05CV6459, 2007 WL 1686322, at *2 (S.D.N.Y. 6 June 2007) ("in order to impose sanctions on the nonparty, violation of a court order is generally required in addition to the failure to comply with the subpoena.") (collecting cases).

Here, Kochan has provided a nonfrivolous basis for his argument that the subpoena is inappropriate and overbroad. In addition, as noted above, the objections were technically timely filed, and Kochan and his counsel have not violated any court orders. Therefore, the court finds that plaintiffs have not established their entitlement to contempt pursuant to Rule 45 and recommends that the request to hold Kochan and his attorneys in contempt be denied.

**Motion to Compel.** Having concluded that a finding of contempt is not warranted, the court now turns to the merits of the motion to compel. Kochan challenges the subpoena on two principal grounds: first, that the subpoena was incorrectly issued to him personally, rather than to FAEC; and

second, that the subpoena is overly broad and unduly burdensome, seeks information that is privileged and unrelated to plaintiffs' claims against FAEC, and is unreasonably cumulative of information that has already been sought and provided. Each of these grounds is examined in turn below.

**1. Propriety of Issuing Subpoena to Kochan.** Kochan contends that the subpoena should have been addressed directly to FAEC because it is a named defendant in the Mississippi action and the subpoena seeks FAEC materials. He further argues that he does not individually have custody or control of the laptops and computer devices referenced in the subpoena. Plaintiffs counter that there was nothing improper in seeking the materials directly from Kochan because as the president of FAEC, an S corporation founded and owned solely by him, he has legal control over the materials sought. The court agrees with plaintiffs.

The Federal Rules of Civil Procedure provide a party several means of obtaining documents and things from others in the discovery process. *See* Fed. R. Civ. P. 26(a)(5). Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(C). Rule 34 provides for requests for production of documents and things addressed to other parties. *See* Fed. R. Civ. P. 34(a) ("Any party may serve on any other party" requests for production). The Rules do not prescribe which of the alternative means of seeking documents and things a party must use, or the sequence in which to use them. *See* Fed. R. Civ. P. 26(d). Therefore, while plaintiffs could have sought the materials at issue through Rule 34 production requests to FAEC, the Rules did not prohibit plaintiffs from seeking them through the alternative means of a subpoena to a nonparty.

Consistent with these principles, the courts have enforced subpoenas for records of a party corporation directed to a nonparty employee of the corporation when the employee has control over the records within the meaning of Rule 45. It is not essential, as Kochan suggests, that the nonparty employee have ownership of the records sought. "'Control' is broadly construed, and thus a party may be obligated to produce documents requested . . . where the producing party does not actually possess the documents but has the legal right or practical ability to obtain them from another source on demand." *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, NO. 90CIV7811, 1994 WL 510043, at *3 (S.D.N.Y. 16 Sept. 1994) (citations omitted). A representative case is *United States v. Int'l Bus. Machs. Corp.*, 71 F.R.D. 88 (S.D.N.Y. 1976). There, the court ruled that a subpoena for corporate documents issued to an officer or director of a corporation was enforceable because the documents were within the officer's legal control and subject to production. 71 F.R.D. at 91 ("A subpoena duces tecum seeking corporate documents directed to an individual who is an officer or director of a corporation acts to create an obligation upon the corporation–through those who manage and direct the corporation–to produce the documents sought.").

Here, there can be no question that Kochan, as president and sole owner of FAEC, has control over the material sought. The material consists of data stored on computers apparently owned by FAEC and used by employees of FAEC to perform their duties.

Kochan relies on *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451 (E.D.N.C. 2005) for the proposition that the issuance of subpoenas for corporate documents to corporate employees is inappropriate. 233 F.R.D. at 455. However, the facts in *Schaaf* are distinguishable from those in

7

the present case. The nonparty in *Schaaf* was a rank and file employee of a large corporation, rather than the president and sole owner of a closely held corporation, as Kochan is in this case.

Kochan also argues that by using the subpoena at issue rather than Rule 34 production requests plaintiffs are impermissibly and intentionally shifting the decision over the propriety of the production sought from the Mississippi court to this court. The contention is meritless. Rule 45(c)(2)(B) provides expressly, of course, that an order for enforcement of a subpoena is to issue from the court which issued the subpoena. The Federal Rules therefore see no impropriety in the decision making process applicable here. Kochan's counsel offered no explanation in their filings or at the hearing why plaintiffs would seek to avoid a decision by the Mississippi court on the production sought or why this court would be unable to render a proper decision.

**2. Scope of Subpoena**. As indicated, Kochan contends that the production sought by the subpoena exceeds the permissible bounds of discovery in various respects. Kochan has failed to demonstrate that these objections have merit.

The scope of discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). In this action, plaintiffs allege fraud by FAEC and other defendants in the investigation of plaintiffs' insurance claims for damages caused by Hurricane Katrina. The subpoena seeks all information stored on or after 29 August 2005 (the date Katrina struck) on the computers of two FAEC employees which relate or pertain to Hurricane Katrina. On its face, the production sought appears to fall within the permissible scope of discovery.

Kochan has presented little or no information to support almost all of the contentions he makes regarding the scope of the production. Instead, both in his filings and at the hearing, he relied

8

primarily on bald assertions that the production sought is impermissible. The courts have time and again held that such reliance on naked contentions is inadequate. *See, e.g., Thompson v. Reg'l West Med. Ctr.*, NO. 8:06CV581, 2007 WL 3232603, at *2 (D. Neb. 31 Oct. 2007) ("The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production.") (citations omitted). Counsel admitted that, even though this subpoena was issued in August, they have never reviewed the data being sought.

Kochan does admittedly provide some information on his contention that the subpoena encompasses information properly sought in other cases. However, the information presented is limited and not adequate to support the contention.

The court inquired at the hearing whether, assuming the subpoena was going to be enforced, Kochan proposed any limits regarding the manner in which the inspection and copying to be undertaken should proceed. None were proposed. Nevertheless, in the event that there is information on the computers at issue that may not be germane to this case, the court is imposing the protocol set out in the Conclusion below.

The court is also requiring that the production proceed later today in order to accommodate plaintiffs' counsel from Mississippi and expert from New Mexico, who indicated at the hearing that they were remaining in Raleigh overnight in anticipation of the possible entry of this order today. This schedule should not represent a burden to Kochan and his counsel because of their awareness from the hearing of the time sensitivity of the production. In addition, without challenge from

Kochan, plaintiffs' counsel represented at the hearing that the production and copying of data from the computers could be completed by their expert in a matter of minutes.

## CONCLUSION

For the foregoing reasons:

1. It is RECOMMENDED that plaintiffs' motion to hold Kochan and his attorneys in contempt be DENIED.

2. It is ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

3. Plaintiffs' motion to compel is GRANTED.

4. Kochan shall produce to counsel for plaintiffs and their expert, Jon Hill, no later than 5:00 p.m. today the material sought in the subpoena at issue. Production shall occur at the offices of plaintiffs' local counsel or, if plaintiffs' counsel elects, at the Raleigh office of FAEC. If plaintiffs are unable to meet this schedule and the parties are unable to agree on different arrangements, plaintiffs may move for appropriate relief.

5. In conducting the inspection and copying authorized by this order, plaintiffs shall make reasonable efforts to utilize a computer search methodology to inspect and copy only that information which is identified in the subpoena as subject to such inspection and copying. Upon determining that information on the computers in issue is outside the scope of the subpoena or

otherwise privileged, plaintiffs, their counsel, their experts, and anyone else working on plaintiffs' behalf in this case shall undertake no further inspection or copying of such information. The search methodology used by plaintiffs may include, but is not limited to, the following techniques:

(a) surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

(b) "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

(c) "scanning" storage areas to discover and possibly recover recently deleted data;

(d) scanning storage areas for deliberately hidden files; or

(e) performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

SO ORDERED, this the 7th day of November, 2007.

James E. Gates
United States Magistrate Judge